259 F.2d 497
 The SCHOOL BOARD OF WARREN COUNTY and Q.D. Gasque, as Superintendent of Schools of said Warren County, Appellants,
v.
Betty KILBY, John Kilby, and James Kilby, infants, by James W. Kilby, their father and next friend, et al., Appellees.
 No. 7760.
 United States Court of Appeals Fourth Circuit.
 Argued and Decided September 27, 1958.
 Opinion Filed October 2, 1958.
 
 R.D. McIlwaine, III, Asst. Atty. Gen. of Virginia, William J. Phillips, Front Royal, Va., and A.S. Harrison, Jr., Atty. Gen., of Virginia, for appellants.
 Oliver W. Hill, Richmond, Va. (Spottswood Robinson, III, Richmond, Va., and S.W. Tucker, Emporia, Va., on brief), for appellees.
 Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.
 PER CURIAM.
 
 
 1
 From the stipulation of facts presented to the District Court, it appears that Warren County, Virginia, maintains only one high school, and attendance therein is restricted to white pupils. Some of the Negro children of high school age who reside in that County have been transported back and forth daily to a high school for Negroes in Berryville, in adjoining Clarke County, a distance of twenty-five miles each way; others have been transported to a high school for Negroes in Manassas, in Prince William County, a distance of over fifty miles, where they are required to remain five days of the week, being boarded in that town at public expense. They can return to their homes only on weekends. No white pupils of the County have been subjected to such treatment. By any possible test, this discrimination is legally indefensible. Corbin v. County School Board of Pulaski County, 4 Cir., 1949, 177 F.2d 924; Brown v. Board of Education, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873.
 
 
 2
 Twenty-two of the ninety-seven Negro high school children whose homes are in Warren County applied, on July 3, 1958, for admission to the County's high school, theretofore reserved for white pupils, which has an enrollment of about one thousand. All the applications were denied by the School Board. The essential facts not being in dispute, Judge Paul, in the District Court, passed an interlocutory order on September 8, 1958, restraining and enjoining the School Board from denying those of the applicants who are qualified the right and privilege of being enrolled in the Warren County high school.
 
 
 3
 Delay of a year in the execution of the Court's order was requested by the defendants, who pointed out that plans are underway for the construction in Warren County of a high school designed for Negroes, which it is hoped will be completed in about a year. However, neither the local School Board nor the State, which is represented in this proceeding by the Attorney General of Virginia, has been able to give the District Court or us any assurance that if a year's delay were granted, as requested, the policy of discrimination would be discontinued and Negro students otherwise qualified admitted to Warren County's schools, without distinction on the ground of race. In the absence of such assurances, there is no way of knowing that the delay is not being sought to perpetuate an unlawful discrimination, rather than to comply with the law.
 
 
 4
 No showing has been made that would justify deferring the constitutional rights of the plaintiffs. It does not appear that the District Judge has in any way abused his discretion or committed error in the passage of the order appealed from, and his action is
 
 
 5
 Affirmed.