**Rita GOINS, an infant, et al.**

v.

**COUNTY SCHOOL BOARD OF GRAYSON COUNTY, The City of Galax, et al.**

**Civ. A. No. 776.**

United States District Court
W. D. Virginia,
at Abingdon.

Sept. 8, 1960.

Reuben E. Lawson, Roanoke, Va., for plaintiffs.

Stuart B. Campbell, Wytheville, Va., for School Board of Grayson County.

Alton I. Crowell, Pulaski, Va., and Dale W. LaRue, Galax, Va., for City of Galax.

A. B. Scott, Richmond, Va., for Pupil Placement Board.

JOHN PAUL, District Judge.

The plaintiffs in this action are Negro children of high school age, eight in number, who reside in Grayson County, Virginia.

It appears that Grayson County has never maintained a high school for the education of Negro children and that children of that race who are of high school age and who desire to attend high school are sent to what is spoken of as Scott High School in the adjoining county of Wythe, this being a high school maintained for Negro children. Each school day they are transported from their homes in Grayson County to the school in Wytheville and returned. The distances which they have to travel vary with the location of their respective residences, which are probably from 30 to 40 miles from Wytheville. In this respect the case is factually similar to that existing in the case of School Board of Warren County v. Kilby, 4 Cir., 259 F.2d 497.

These plaintiffs seek an order of this court establishing their right to receive a high school education on the same basis and under the same conditions under which white children in Grayson County are attending high schools. The conditions under which white children of high school age are educated in Grayson County are somewhat unusual. The city of Galax is located on the county line

between Carroll County and Grayson County and that city maintains a high school within its limits but which is located on the Grayson side of the county line. Galax is a separate and independent school district, having its own school board and superintendent of schools. Grayson County maintains a high school in the town of Independence, within that county. In the year 1952 the Grayson County School Board entered into a contract with Galax (then a town) under the provisions of which children living outside of the town of Galax, in Oldtown Magisterial District of Grayson County, were admitted as students to the Galax High School. The county of Grayson made payment to the town of Galax on the basis of a per capita cost of operating the high school. Presumably this contract was entered into because Oldtown District is adjacent to Galax and the school there was much closer to the residences of children living in that vicinity than was the town of Independence, where the only other high school in the county was located.

Since 1952 the municipal corporation of Galax has become a city, but the parties have continued to operate under the contract entered into in 1952. At present it appears that there are 250 or more white children living in Oldtown Magisterial District attending the Galax High School. This contract, a copy of which is filed as an exhibit in the case, makes no mention of the race or color of the children who may be admitted to the Galax High School, but merely provides in general terms that Galax will admit to the Galax High School students of high school age who may be residents of Oldtown Magisterial District of Grayson County. Presumably all other white children living in other parts of Grayson County are assigned to the high school at Independence.

All of the plaintiffs in this case are residents of Oldtown Magisterial District and, therefore, possess the same residential qualifications as the white children who are admitted to the Galax High School. And in this action they seek to have declared their right to enter the Galax High School, along with white children of high school age residing in Oldtown Magisterial District.

There can be no question that the practice of sending these plaintiffs outside of their own county to attend school and denying them solely on account of their race the right to be educated within a high school in their own county under the same conditions as white children is something which cannot be legally defended. This practice was condemned in Corbin v. County School Board of Pulaski County, 4 Cir., 177 F.2d 924, and was specifically outlawed in School Board of Warren County v. Kilby, supra.

A number of matters of defense have been raised by the defendants in this case, most of which relate to alleged failure of the plaintiffs to make proper formal application for entrance to the white schools and other similar technical objections. These need not be discussed. At most they could have no outcome except to delay the enforcement of the rights of the plaintiffs, which are so plain that no defense can be made to them on the merits. It seems also highly desirable that here at the beginning of the school year the rights of the plaintiffs should be definitely and finally adjudicated.

In the course of the argument of the case by counsel and conferences had with them it appears that the School Board of Grayson County, recognizing the rights of these plaintiffs, is willing to assign them to and accept them as students in the high school at Independence, which has heretofore been attended only by white children, but that the Board feels that it cannot assign these children to attend the Galax High School without the expressed willingness of the School Board of Galax to accept them as students at that school. On the other hand, the plaintiffs, being residents of Oldtown Magisterial District, insist on their right to attend the same school as the white children in Oldtown Magisterial District who are being educated in the Galax High School under the contract hereto-

fore referred to between Grayson County and Galax. It is urged by the defendant, Grayson County School Board, that if it attempts to have these Negro plaintiffs educated in the Galax High School the city of Galax may abrogate the existing contract, with the result that all of the children, both white and Negro, living in Oldtown Magisterial District would of necessity have to attend the high school at Independence, the physical capacity of which is such that it would be most difficult to accommodate these additional pupils. Such a result would be unfortunate, but I do not think that this should be permitted to override the constitutional rights of these plaintiffs.

This court does not undertake to pass upon the right of the city of Galax to terminate its contract with the county of Grayson—a right which it may or may not have. But the court is convinced that under the terms of its contract it cannot say that it will continue to accept white students from Grayson County into the Galax High School, but will refuse to accept Negro students. It must accept students of both races or neither.

The result is that the order to be entered will provide that these plaintiffs must be treated in all respects as if they were white children and accorded the same opportunities and rights to acquire a high school education as is accorded to white children of high school age residing in Oldtown Magisterial District of Grayson County, wherever that may be.

This purports to be a class action brought not only on behalf of the named plaintiffs, but on behalf of all other Negro children of high school age residing within Grayson County. The court does not know how many other Negro children may be eligible for entrance into the high schools of the county, but it is believed that at this time the eight named plaintiffs should be the only ones affected by the order of the court. The reason for thus limiting the present application of the order is that it is always desirable and frequently necessary that the authorities charged with the maintenance of the schools should have some knowledge prior to the opening of the school year as to how many students may be expected to attend school, in order that they may be able to outline the proper school program and to make the preparations of various sorts for accommodating the number of children that may be fairly expected to attend. The school authorities of Grayson County and of Galax have been aware of the desire of the eight named applicants, as set out in this action, but they should not be faced at this late hour of having to make arrangements to educate a possibly large number of additional Negro children. Of course, any Negro children of high school age in Grayson County will have for the future the same rights now adjudicated in regard to the eight named plaintiffs. If in any future school years other Negro children of high school age should desire to assert their rights, they should make application to the School Board at a reasonable time before the beginning of the school year.