Rita GOINS et al.

v.

COUNTY SCHOOL BOARD OF GRAYSON COUNTY et al.

District Court Civ. A. No. 776.

Western District of Virginia.

United States Court of Appeals
Fourth Circuit.

Sept. 13, 1960.

Reuben E. Lawson, Roanoke, Va., for plaintiffs.

Stuart B. Campbell, Wytheville, Va., for County School Board of Grayson County and Alonzo Monday, Jr., Supt. of Schools for Grayson County.

A. I. Crowell, Pulaski, Va., and Dale W. LaRue, Galax, Va., for School Board of City of Galax.

SOBELOFF, Chief Judge.

Grayson County has heretofore maintained no high school for the education of Negro pupils. Children of that race have been sent by bus to the Scott Memorial High School in the adjoining County of Wythe. White children of high school age, however, have been educated in high schools maintained by the County or, (if they resided in what is known as the Oldtown District, adjacent to the City of Galax, an independent political unit of the state,) they were ad-

mitted to the Galax High School under a contract between the two political units that has been in existence since 1952. The Galax High School has a population of 311 residents of that City and 285 residents of the Oldtown District of Grayson County.

The eight Negro plaintiffs are of high school age and residents of the Oldtown District who object to being compelled to travel for their education to the adjoining County, a distance of approximately 48 miles from their homes. Testimony was offered showing the hardships involved.

District Judge John Paul, after a hearing, found that this case was factually similar to the case of School Board of Warren County v. Kilby, 4 Cir., 1958, 259 F.2d 497. In that case this court held that the practice of requiring Negro pupils to travel long distances from their homes to an adjoining county, while white pupils were permitted to attend schools near their homes, constituted a legally indefensible discrimination. Judge Paul ordered that Negro children of high school age in Grayson County should be accorded the same rights as white children, and that, if Grayson County sent white children of the Oldtown District to the high school of Galax, then the Negro children of that district must likewise be admitted. The school authorities of the City of Galax then announced their intention to abrogate the contract between Grayson County and the City of Galax, taking the position that rather than admit the eight Negroes they would deny admission to all students from the Oldtown District. This resulted in the automatic exclusion from the Galax High School of 285 white children residing in the Oldtown District and theretofore attending the Galax High School. Judge Paul's order was signed last Thursday, September 8th, and the next day the 285 were notified by the Galax School Authorities not to come to school today, Monday, September 12th, 1960. This action was pursuant to a Board resolution made on August 9th.

Counsel for the plaintiffs and for the School Boards of Grayson County and the City of Galax appeared before me today, and stated their respective positions. Upon being advised of my disinclination to stay Judge Paul's order, and my willingness, nevertheless, to advance the appeal to an early hearing, counsel consulted among themselves. In the course of their discussions they communicated by telephone with their respective clients and certain arrangements were then announced which dispelled the present crisis. These were:

1. The eight Negro plaintiffs will be accepted in accordance with the District Court's order, and the appeal will be dismissed. A copy of this order will be the Clerk's authority to dismiss under Rule 23 of this court, 28 U.S.C.A.

2. The 285 excluded white children will be readmitted to Galax High School for this year.

3. The Galax School Board adheres to its position that the contract between the two Boards is abrogated and that future arrangements, if any, will be made under the Virginia statute (Section 22–219 of the Virginia Code, 1950), under which the school authorities of one jurisdiction may arrange for the education of their pupils in other jurisdictions.

4. The School Board of Grayson County acquiesces in the rescission of the contract and will promptly, not later than November, 1960, enter into negotiations with the Galax School Board with a view to arrangements for future school years.

Under these circumstances the Application for a Stay is denied. It remains only to add that the two school boards, in the hearing before me and in the following negotiations between counsel, have evidenced a commendable regard for the public welfare, avoiding disruption of the education of the great number of white pupils, as well as a readiness to comply with the Court's order in respect to the eight plaintiffs.